# EXHIBIT "A"

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

GALFAND BERGER, LLP
BY:  RICHARD M. JUREWICZ, ESQUIRE
I.D.# 39436
BROOKE J. ELMI, ESQUIRE
I.D. #325999
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
Tel: (215) 665-1600
rjurewicz@galfandberger.com
belmi@galfandberger.com
Attorneys for Plaintiff

**NOTICE TO PLEAD**
**TO: All Defendants**
You are hereby notified to file a written response
to the enclosed Complaint within twenty (20) days
from the date of service hereof or a judgment may
be entered against you.

**Attorney for Plaintiff**

| | | |
|---|---|---|
| TASANDRA SIMON | :: | |
| 12 Clover Drive | :: | |
| Lebanon, PA  17042 | :: | BERKS COUNTY |
|           Plaintiff, | :: | COURT OF COMMON PLEAS |
|    vs. | :: | CASE NO. 21-14819 |
| | :: | |
| PETSMART DISTRIBUTION CENTER | :: | CIVIL ACTION |
| 21 Martha Drive | :: | |
| Bethel, PA 19507 | :: | |
|        and | :: | |
| | :: | |
| | :: | |
| PETSMART DISTRIBUTION, INC. | :: | |
| 7451 Peach Street | :: | JURY TRIAL DEMANDED |
| Erie, PA 16509 | :: | |
|        and | :: | |
| | :: | |
| PETSMART LLC | :: | |
| 19601 N. 27th Avenue | :: | |
| Phoenix, AZ  85027-4010 | :: | |
| | :: | |
|        and | :: | |
| HYTROL CONVEYOR COMPANY, INC. | :: | |
| 2020 Hytrol Drive | :: | |
| Jonesboro, Arkansas  72401 | :: | |
| | :: | |
|        and | :: | |
| NAUMANN/HOBBS MATERIAL | :: | |
| HANDLING, INC. | :: | |
| 4335 E. Wood Street | :: | |
| Phoenix, AZ  85040 | :: | |
| | :: | |

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

|  |  |
|---|---|
| and | :: |
| AXION, INC. | :: |
| N16W23430 Stone Ridge Drive | :: |
| Waukesha, WI  53188 | :: |
| and | :: |
| JOHN DOES 1-3 | :: |
| and | :: |
| ABC CORPORATION 3, | :: |
| Defendants. | :: |

## NOTICE

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Service
Berks County Bar Association
544 Court Street
Reading, Pennsylvania 19107
Phone: (610) 375-4591

## AVISO

Le han demandado en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo de la demanda y notificacion para asentar una comparesencia escrita en persona o por su abogado y archivar con la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte puede continuar la demanda en contra suya y puede entrar una decision contra usted sin aviso o notificacion adicional por la cantidad de dinero de la demanda o por cualquier reclamacion hecha por el demandante.  Usted puede perder dinero o propiedad u otros derechos importantes para usted.

USTED DEBE DE LLEVAR ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE PARA PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Servicio De Referencia E Informacion Legal
Del colegio de Abogados del Condado Berks
544 Court Calle
Reading, Pennsylvania 19107
(610) 375-4591

GALFAND BERGER. LLP
BY:  RICHARD M. JUREWICZ, ESQUIRE
I.D.# 39436
BY: BROOKE J. ELMI, ESQUIRE
I.D. #325999
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
(215) 665-1600
rjurewicz@galfandberger.com
belmi@galfandberger.com                                    Attorney for Plaintiff

---

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

| | |
|---|---|
| TASANDRA SIMON<br>12 Clover Drive<br>Lebanon, PA  17042<br>           Plaintiff,<br>     vs.<br><br>PETSMART DISTRIBUTION CENTER<br>21 Martha Drive<br>Bethel, PA 19507<br>        and<br><br>PETSMART DISTRIBUTION, INC.<br>7451 Peach Street<br>Erie, PA 16509<br>        and<br><br>PETSMART LLC<br>19601 N. 27th Avenue<br>Phoenix, AZ  85027-4010<br><br>        and<br>HYTROL CONVEYOR COMPANY, INC.<br>2020 Hytrol Drive<br>Jonesboro, Arkansas  72401<br><br>        and<br><br>NAUMANN/HOBBS MATERIAL<br>HANDLING, INC.<br>4335 E. Wood Street<br>Phoenix, AZ  85040<br>        and<br>JOHN DOES 1-3<br>        and<br>ABC CORPORATION 3,<br>               Defendants. | ::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::<br>::         BERKS COUNTY<br>        COURT OF COMMON PLEAS<br>        CASE NO. 21-14819<br><br>        CIVIL ACTION<br><br><br><br><br><br>        JURY TRIAL DEMANDED |

3

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

**AMENDED COMPLAINT – CIVIL ACTION**

1. Plaintiff Tasandra Simons is an adult individual and citizen of the Commonwealth of Pennsylvania residing therein at 12 Clove Drive, Lebanon, Pa. 17042.

2. Defendant Pet Smart Distribution Center is a corporation located in and doing business in the Commonwealth of Pennsylvania with a distribution center located at 21 Martha Drive, Bethel, Pennsylvania  19507.

3. Defendant Pet Smart Distribution, Inc. is a corporation, which is located in the Commonwealth of Pennsylvania with its business operations at 7451 Peach Street, Erie, Pennsylvania  16509.

4. Defendant Pet Smart LLC is a foreign corporation incorporated in a state other than the Commonwealth of Pennsylvania with its principal place of business at 19601 N. 27th Avenue, Phoenix, Arizona  85027-4010.

5. Based on information and belief, Defendant Pet Smart Distribution, Inc. and its regional distribution fulfillment center facility Defendant Pet Smart Distribution Center are wholly owned subsidiaries of Defendant Pet Smart LLC.  The Pet Smart Defendants hereinafter will be referred to collectively as "Pet Smart Defendants."

6. Defendant Hytrol Conveyor Company, Inc. ("Hytrol") is a foreign corporation incorporated in a state other than the Commonwealth of Pennsylvania with its principal place of business at 2020 Hytrol Drive, Jonesboro, Arkansas  72401.

7. Defendant Naumann/Hobbs Material Handling ("Naumann/Hobbs") is a foreign corporation incorporated in a state other than the Commonwealth of Pennsylvania with its principal place of business at 4335 E. Wood Street, Phoenix, AZ 85040.

4

8. Defendant Axion, Inc. is a foreign corporation incorporated in a state other than the Commonwealth of Pennsylvania with its principal place of business at N16W23430 Stone Ridge Drive, Waukesha, WI 53188.

9. Defendants John Doe Individuals 1-3 and ABC Corporation 3 consist of individuals, machine and equipment designers and manufacturers, machine and equipment distributors, machine equipment suppliers, service companies and/or third party vendors and businesses whose products, actions or inactions, may have been a direct and factual cause of Plaintiff's accident and injuries described herein:

   a.   Individuals, entities, businesses, designers, manufacturers involved in the design, manufacture, assembly and sale of the Hytrol incline belt driven conveyor that was manufactured for and sold to the Pet Smart Defendants;

   b.   Individuals, entities, contractors, subcontractors or businesses involved in the installation, setup, troubleshooting, servicing, maintaining and repairing of the Hytrol incline belt driven conveyor at the Pet Smart Defendants;

   c.   Individuals, entities, contractors, subcontractors, equipment suppliers, equipment installers and entities that were responsible for integrating and interfacing the Hytrol incline belt driven conveyor (Serial No. 10R147) with the existing elevated belt driven TGW conveyor that was responsible for moving corrugated boxes and materials to the corrugated bailer machine at the Pet Smart Bethel fulfillment center facility;

   d.   Individuals, businesses, entities, contractors, subcontractors, service companies involved in the post-installation but pre-accident modifications, changes, alterations or substituting of component parts for the subject Hytrol incline belt driven conveyor;

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

5

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

e.      Individuals, businesses, entities, vendors, contractors, agencies that were involved in and hired to perform safety assessments, safety evaluations, machine guarding assessments, equipment inspections and/or product review with respect to the Hytrol incline belt driven conveyor in order to determine if it was safe to use and was OSHA compliant;

f.      Individuals, businesses, entities, contractors or subcontractors that were involved in developing job safety analysis, standard operating procedures, job tasks and/or instructions or directions and preparation of warnings and instructions for the safe operation and use of the Hytrol incline belt driven conveyor for the Pet Smart Defendants.

10. Pursuant to Pennsylvania Rule of Civil Procedure 2005, Defendants John Doe Individuals 1-3 and ABC Corporation 3 are currently unidentified fictitious Defendants named John Doe and ABC Corporation, respectively, where their actual name and identity is unknown despite reasonable and diligent search.

11. Plaintiff reserves the right to amend this Complaint and name unknown individuals, entities, businesses, manufacturers, designers, contractors, subcontractors, equipment inspectors, service companies as aforementioned as Defendants pursuant to Pa. R.C.P. 1033 and 2005.

12. The Pet Smart Defendants owned, operated and maintained the property, facility and equipment located at 21 Martha Drive, Bethel, Pennsylvania 19507.

13. The Pet Smart Defendants were and have been in the business of producing and providing pet food and domestic pet products, materials and pet supplies for both consumer and commercial use and sale.

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

14. Based on information and belief, Plaintiff avers that in 2014 the Pet Smart Defendants built or had built on their behalf a regional fulfillment distribution center located at 21 Martha Drive, Bethel, Pennsylvania 19507.

15. Based on information and belief, Plaintiff avers that an automated warehouse and material handling system was installed at the Bethel distribution center by TGW. The material handling system consisted of a series of conveyor systems for the movement and transfer of both plastic and corrugated material to be recycled. The automated material handling equipment was intended to transfer waste material to either a plastics bailer machine or a corrugated bailer machine for recycling.

16. Based on information and belief, Plaintiff avers that, in 2016-2017, the Pet Smart Defendants intended to modify the existing automated material handling system by adding an incline belt driven conveyor for the existing conveyor system that fed corrugated materials to the bailer machine.

17. Defendant Hytrol is a designer, manufacturer and supplier of various conveyor products and conveyor systems including, but not limited to, powered roller conveyors, gravity roller conveyors, special purpose conveyors and extendable conveyors.

18. Based on information and belief, at some point in time in 2016-2017, Defendant Hytrol designed, manufactured and placed into the stream of commerce a Model TH conveyor, Serial No. 10R147 intended for installation at Defendant Pet Smart's Bethel fulfillment center facility.

19. Defendant Axion, Inc. is in the business of providing services and material handling equipment and systems for warehouse design, supply chain execution, material storage and handling systems for its customers throughout the Midwest and the United States.

7

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

20. Defendant Axion, Inc. business also provides for its clientele comprehensive safety evaluations that include safety analysis of its clients' material handling needs.

21. Defendant Axion, Inc. business also includes providing safety services to evaluate and complete a check of its clients equipment and safety systems.

22. Defendant Axion, Inc. also provides conveyance solutions for its customers distribution, manufacturing, shipping and warehouse needs by working with its customers in designing a solution that suits the safety needs of its clientele.

23. Based on information and belief, Plaintiff avers that Defendant Axion, Inc. was hired, retained, engaged and/or partnered with the PetSmart Defendants for the design and integration of an integrated conveyor that would help streamline corrugated trash to a baler system for the PetSmart Defendants DC22 facility located at 21 Martha Drive, Bethel, Pa. 19507.

24. Based on information and belief, Plaintiff avers that in furtherance of its engagement with the PetSmart Defendants, Defendant Axion, Inc. designed, engineered and performed an integrated conveyor analysis for the addition of an incline power driven conveyor that was going to be supplied by Defendant Hytrol.

25. Based on information and belief, Plaintiff avers that pursuant to customer Purchase Order #PO1067 dated 6/20/2015, Defendant Axion, Inc. purchased from Co-Defendant Hytrol, an incline conveyor system as set forth in Factory Order #10R147.

26. Based upon information and belief, Plaintiff avers that the Pet Smart Defendants retained Defendant Naumann/Hobbs for the purpose of preparing a quote for the purchase and installation of an incline "trash line" conveyor for the corrugated conveyor.

27. Defendant Naumann/Hobbs is in the regular business of selling and distributing material handling equipment and systems and offering customer, full integrated solutions and consulting services for its customers business and warehouse management needs.

28. Part of the regular business of Defendant Naumann/Hobbs involves the installation and commissioning of material handling equipment and systems it sells for its customers.

29. Part of the recycling equipment and systems Defendant Naumann/Hobbs regularly sells and distributes are various types of material handling equipment including belt driven conveyors, roller conveyors and gravity roller conveyors.

30. As touted on its website, Defendant Naumann/Hobbs can audit its customers' existing material handling systems and processes by providing engineered design and layout improvements.

31. Based on information and belief, Defendant Naumann/Hobbs was retained by the Pet Smart Defendants in June 2015 for the purchase and installation of a model TH incline "trash line" conveyor (further identified as a Hytrol Model TH conveyor Serial No. 10R147).

32. Based on information and belief, the project end date for Defendant Naumann/Hobbs installation of the subject TH "trash line" incline belt driven conveyor was July, 2015.

33. In selling the aforementioned Hytrol conveyor in question to the Pet Smart Defendants, Defendant Naumann/Hobbs knew and was aware that the TH incline "trash line" conveyor would have to be integrated with an existing TGW elevated horizontal belt driven conveyor that fed corrugated material (trash) to a bailer.

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

34. As of February 1, 2020 and at all times materials hereto, all Defendants had extensive, continuous and systematic business contacts within the Commonwealth of Pennsylvania and County of Berks by regularly marketing and selling their products and services to businesses and individuals located therein.

35. On February 1, 2020, Plaintiff was an employee of Beck Facility Services as a laborer and assigned by her employer to work at the Pet Smart Defendants' facility located in Bethel, Pennsylvania.

36. Based on information and belief, Plaintiff's employer was to provide recycling services at the Pet Smart Defendants Bethel Distribution Fulfillment Center by collecting, breaking down and processing corrugated boxes for compression and recycling.

37. On February 1, 2020, the Pet Smart Defendants owned, maintained and serviced the TH "trash line" incline belt driven conveyor (Hytrol Serial No. 10R147).

38. The subject Hytrol "trash line" incline belt driven conveyor located at the Pet Smart Defendants facility was available for operation and use by Plaintiff and her employer in order to process the corrugated boxes and materials collected by Plaintiff and her fellow employees.

39. On February 1, 2020, Plaintiff was working with the aforementioned Hytrol "trash line" incline belt driven conveyor to move corrugated waste materials to the bailer downstream. She noticed a misaligned piece of corrugated material that was caught between the end of the Hytrol incline belt driven conveyor where it was interfaced with the elevated TGW horizontal conveyor. Her left hand suddenly and unexpectedly was pulled into and entrapped into the conveyor portion of the Hytrol incline belt driven conveyor causing serious and painful injuries described in detail herein.

10

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

40. At all times relevant hereto, Plaintiff was acting with due care for her personal safety and wellbeing.

41. At all times relevant hereto, Plaintiff was employed by non-party Beck Facility Services.

42. Plaintiff's employer Beck Facility Services assigned Plaintiff to work at the Pet Smart Defendants' facility in Bethel, Pennsylvania.

43. At all times relevant hereto, Plaintiff remained subject to the control of her employer Beck Facility Services.

44. Based upon information and belief, prior to February 1, 2020, the Pet Smart Defendants, after acquiring and having installed the subject Hytrol incline belt driven conveyor, were responsible for the service, maintenance and troubleshooting of said piece of equipment and system.

45. Prior to and including February 1, 2020, the Pet Smart Defendants were responsible for preventative and periodic maintenance and scheduled repairs of the subject Hytrol incline belt driven conveyor in order to insure that the piece of equipment was functional, operational and safe for workers at that facility to use and operate.

46. Based on information and belief, and subsequent to the installation of the Hytrol incline belt driven conveyor at the Pet Smart Defendants' Bethel facility, the Pet Smart Defendants may have made modifications, changes and/or alterations to the subject Hytrol incline belt driven conveyor.

47. Prior to February 1, 2020, the Pet Smart Defendants undertook to provide a safe work place as necessary for the protection of workers and laborers, including Plaintiff, while she was assigned by her employer to work at the Pet Smart Defendants' Bethel fulfillment center facility.

11

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

48. Pet Smart Defendants and its Bethel operations and facilities were subject to OSHA regulations.

49. The subject Hytrol incline belt driven conveyor that Plaintiff was working with at the time of her accident was required to be OSHA compliant.

50. Prior to February 1, 2020, the Pet Smart Defendants recognized that it was necessary for the protection of not only its own employees but also Beck Facility Services employees, such as Plaintiff, to provide safe equipment that met and complied with OSHA regulations and applicable industry standards.

51. In providing the subject Hytrol incline belt driven conveyor for Plaintiff to use, the Pet Smart Defendants were required to insure that the subject Hytrol incline belt driven conveyor complied with all applicable safety standards and regulations including, but not limited to OSHA regulations and ANSI standards.

52. As the owner of the subject Hytrol incline belt driven conveyor and entities that were responsible for modifying, altering, maintaining and servicing this equipment, the Pet Smart Defendants knew and recognized that the Hytrol incline belt driven conveyor was intended to be used by workers at that facility and, as such, new or should have recognized that the failure to exercise reasonable and necessary care for the proper safeguarding and upkeep of that equipment and system could and would result in serious bodily injury to individuals such as Plaintiff.

53. Based on information and belief, prior to Plaintiff's accident of February 1, 2020, the Pet Smart Defendants knew or should have known that unguarded or inadequately guarded rotating parts of the Hytrol incline belt driven conveyor posed risk of serious bodily injury to individuals working with the equipment.

54. Notwithstanding same, the Pet Smart Defendants provided the subject Hytrol incline belt driven conveyor for Plaintiff to use in an unsafe condition in that it lacked

necessary safeguarding and other safety devices to protect Plaintiff from the hazards
of the moving parts created by the Hytrol incline belt driven conveyor.

55. In providing the subject Hytrol incline belt driven conveyor for Plaintiff to use, the
Pet Smart Defendants had a duty to exercise reasonable care to inform Plaintiff of
the dangerous condition of this equipment.

56. The Pet Smart Defendants failed to exercise reasonable care to inform Plaintiff of
the dangerous condition of the Hytrol incline belt driven conveyor or the facts which
made this equipment dangerous to use.

57. The Pet Smart Defendants had no reason to expect that Plaintiff would recognize and
appreciate the dangers and risks of injury posed by the Hytrol incline belt driven
conveyor that was owned, modified and maintained by the Pet Smart Defendants.

58. At all times relevant hereto, Pet Smart Defendants were acting through their agents,
servants, and/or employees and are responsible for Plaintiff's injuries and damages
pursuant to the Doctrine of Respondeat Superior, Agency, and Vicarious Liability.

59. Based upon information and belief, Plaintiff avers that OSHA was notified of
Plaintiff's accident and investigated it.

60. Based upon information and belief, Plaintiff avers that based on OSHA's
investigation into Plaintiff's accident, the subject Hytrol incline belt driven conveyor
was determined to be found not to be in compliance with OSHA regulations.

61. As a direct result of the carelessness, negligence and wrongdoing of all Defendants,
the unsafe design,  manufacture, installation, and condition of the Hytrol incline belt
driven conveyor involved in Plaintiff's accident, Plaintiff suffered injuries and
damages including, but not limited to the following:

    a.    Crush and trapping injury to her left hand resulting in the stripping away
and tearing of soft tissue structure leading to a full thickness burn of her entire left

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

palm, contractures of her left hand, intra articular contractures of the fingers of the left hand, web space contractures, hypertrophic scarring, disfigurement and functional impairment of the use of her hand;

b. Conscious physical pain and suffering past, present and future;

c. Emotional suffering, disfigurement, scarring, embarrassment, humiliation and mental anguish past, present and future;

d. Hospital, medical and rehabilitative expenses past, present and future;

e. Loss of earnings past and future, loss of earning capacity;

f. Loss of quality of life past, present and future;

g. Loss of enjoyment of life's pleasures past, present and future.

62. As a direct and factual result of the carelessness, negligence and wrongdoing by all Defendants and the defectively designed and unsafely manufactured and installed Hytrol incline belt driven conveyor, Plaintiff has in the past and will in the future continue to suffer from the above conditions, as well as deformity, loss of wellbeing, severe restriction on her ability to engage in activities of daily living and inability to pursue and enjoy the normal and ordinary pleasures of life.

## COUNT I – NEGLIGENCE

## PLAINTIFF V. PET SMART DEFENDANTS

63. Plaintiff repeats and incorporates all of the preceding paragraphs as though fully set forth herein at length.

64. As the entities that owned, maintained, assisted or oversaw the assembly and installation and integration of the subject Hytrol incline belt driven conveyor to an existing conveyor system, the Pet Smart Defendants had a duty to ensure that said equipment was safe for use by Plaintiff including the provision of adequate safety

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

devices, instructions, warnings, and safeguarding regarding any dangerous equipment hazards.

65. In undertaking to maintain and assist or oversee the installation, assembly, modification, alteration and integration of the subject Hytrol incline belt driven conveyor to the previously existing TGW elevated horizontal conveyor, the Pet Smart Defendants had a responsibility to carry out those activities with reasonable care so as to avoid causing serious bodily harm to individuals such as Plaintiff whom Defendant reasonably expected would be exposed to any unsafe hazardous conditions of the equipment.

66. In supplying the subject Hytrol incline belt driven conveyor in the manner in which it was integrated with the previously existing TGW conveyor for Plaintiff to use, the Pet Smart Defendants had a responsibility to provide said equipment in a safe condition free of dangerous hazards posing a risk of serious bodily injury.

67. In owning, maintaining and assisting or overseeing the installation and integration of the subject Hytrol incline belt driven conveyor, the Pet Smart Defendants recognized or should have recognized that the equipment posed an unreasonable risk of serious bodily injury to individuals such as Plaintiff in that the equipment lacked adequate guarding and safety devices to protect workers from exposure to the hazardous rotating and moving parts and associated risk of injury.

68. The negligence, carelessness, and wrongdoing of the Pet Smart Defendants consisted of the following conduct, acts, and/or omissions:

a. Failing to provide Plaintiff with a safe working environment;

b. Failure to properly maintain, repair, and service the subject Hytrol incline belt driven conveyor;

c. Failure to properly guard the subject Hytrol incline belt driven conveyor so as to protect Plaintiff from exposure and injuries caused by the in-running or moving part hazards created by the Hytrol incline belt driven conveyor;

15

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

d. Failing to provide the subject Hytrol incline belt driven conveyor with adequate safety devices such as a physical barrier or safeguard and/or accessible emergency stop;

e. Failing to properly alert, warn, and/or advise Plaintiff of the dangers and risks of injury involved when working on or around the subject equipment;

f. Providing the subject Hytrol incline belt driven conveyor equipment that did not comply with applicable OSHA regulations and safety standards;

g. Failing to adequately instruct as to the proper safety devices and/or personal protective equipment which should be used in conjunction with the subject Hytrol incline belt driven conveyor equipment;

h. Failing to provide adequate warnings and instructions for the subject Hytrol incline belt driven conveyor necessary to alert Plaintiff of the potential for her hand to be pulled into the conveying system and associated risk of severe bodily injury;

i. Failure to equip the subject Hytrol incline belt driven conveyor equipment with a grate, grid, screen, guard interlock, or other protective cover or physical barrier to prevent unintentional or inadvertent exposure to hazardous parts;

j. Modifying, altering, and changing or at least approving modification, alteration and changing of the subject Hytrol incline belt driven conveyor equipment such that it was made unsafe for use by Plaintiff;

k. Failure to provide adequate personal protective equipment to protect Plaintiff from the risk of injury posed by the subject Hytrol incline belt driven conveyor's hazardous parts;

l. Providing Plaintiff with inadequate and unfit equipment that caused her left hand to become caught and pulled into the unguarded moving parts of the subject Hytrol incline belt driven conveyor equipment;

m. Removing a guard(s) and cover(s) from the subject Hytrol incline belt driven conveyor thereby making it unsafe and dangerous to use;

n. Improperly preparing specifications and requirements for the integration and interfacing of the subject Hytrol incline belt driven conveyor with the existing elevated horizontal TGW belt driven conveyor;

o. Failure to properly service, repair, troubleshoot and maintain the subject Hytrol incline belt driven conveyor, specifically its lack of adequate safety features and devices to prevent injuries caused by exposure to the equipment's moving parts;

p. Failure to warn, after the subject Hytrol incline belt driven conveyor was integrated with the adjacent existing TGW conveyor, that the connection point

16

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

between the two conveyors contained an unguarded or inadequately guarded area of rotating moving parts in that area;

q.  Providing the subject Hytrol incline belt driven conveyor without "guarded by location" layout and installation;

r.  Failure to install or equip the subject Hytrol incline belt driven conveyor with adequate safety devices such as safety sensors, pressure mats on the floor below or area near the pinch or in-running nip point that would deactivate the conveyor when stepped on or accessed;

s.  Improperly overseeing the installation, assembly and integration and interfacing of the subject Hytrol incline belt driven conveyor with the adjacent existing TGW horizontal belt driven conveyor to which the equipment was interfaced;

t.  Failure to require, specify, or equip the subject Hytrol incline belt driven conveyor with an emergency stop or emergency pull cable so that the equipment could be shut off in the event of an emergency;

u.  Failure to adequately inspect the installation and integration of the Hytrol incline belt driven conveyor by Co-Defendant Naumann/Hobbs such that there were not any hazardous unguarded moving parts in the area where the two conveyors were joined together; and

v.  Failure to prevent access to the side of the Hytrol incline conveyor by placing a chain or other restrictive device.

69. The aforementioned negligence of the Pet Smart Defendants was the direct, proximate, and factual cause of Plaintiff's injuries, damages and losses described herein.

**WHEREFORE**, Plaintiff Tasandra Simon demands judgment be entered in her favor and against the Pet Smart Defendants, jointly and severally, for an amount in excess of the arbitration limits of this Court, plus interest and costs of suit.

## <u>COUNT II – NEGLIGENCE</u>
## <u>PLAINTIFF TASANDRA SIMON V. HYTROL CONVEYOR COMPANY, INC.</u>

70. Plaintiff repeats and incorporates all the preceding paragraphs as though fully set forth herein at length.

71. Defendant Hytrol had a duty to design, manufacture, sell and supply the subject Hytrol

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

incline belt driven conveyor with due care.  Defendant Hytrol breached that duty.

72. The aforementioned injuries to Plaintiff were directly caused by Defendant Hytrol's negligence and disregard for the safety of others, including Plaintiff, which consisted of the following acts and omissions:

    a.    Failing to exercise reasonable care in designing, manufacturing, marketing, fabricating, distributing, selling, and/or otherwise supplying the subject conveyor due to the exposed in-running pinch point and crush hazard created by the conveyor belt's design;

    b.    Failing to provide adequate guarding, safety devices, safeguards, or other safety measures to prevent users from the in-running pinch-point crush hazard;

    c.    Designing, engineering, manufacturing, fabricating, distributing, selling, and/or otherwise supplying the subject conveyor in a defective and/or unreasonably dangerous condition, in that the subject conveyor was not equipped with necessary safety components to make it safe for use and/or contained elements making it unsafe for use;

    d.    Designing, engineering, manufacturing, fabricating, distributing, selling, and/or otherwise supplying the subject conveyor without protecting against predictable and known hazards;

    e.    Failing to properly and adequately identify and eliminate or minimize to the fullest extent possible the risk of users accidentally or unintentionally coming into contact with the in-running pinch point between the subject conveyor's belt and head roller;

    f.    Designing, engineering, manufacturing, fabricating, distributing, selling, and/or otherwise supplying the subject conveyor without guarding the conveyor's rollers and head roller so as to prevent inadvertent contact;

    g.    Designing, engineering, manufacturing, fabricating, distributing, selling, and/or otherwise supplying the subject conveyor with exposed in-running pinch points;

    h.    Failing to incorporate on the subject conveyor appropriate and necessary barriers, screening, and/or other device that would prevent the conveyor's head roller/pulley from being exposed to users;

    i.    Failing to warn or improperly warning users of the subject conveyor of the dangers and risks of injury that existed with the subject conveyor, particularly with respect to the potential for inadvertent, accidental, and/or unintentional contact with the head roller/pulley;

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

j.   Failing to provide an emergency pull cord along the length of the conveyor or an accessible "E" stop so that the equipment could be shut off immediately in the event of an emergency; and

k.   Failing to comply with applicable regulations and safety standards relative to the subject conveyor.

73. In the alternative, the negligence of Defendant Hytrol as set forth above increased the risk that Plaintiff would be caused to suffer the injuries and damages she did in fact suffer, as fully set forth above.

WHEREFORE, Plaintiff Tasandra Simon demands Judgment against Defendant Hytrol in a sum in excess of the arbitration limits of this Court for all damages available under the facts and Pennsylvania law.

## COUNT III – NEGLIGENCE
## PLAINTIFF TASANDRA SIMON V.  NAUMANN/HOBBS

74. Plaintiff repeats and incorporates all the preceding paragraphs as though fully set forth at length.

75. At all times hereto, Defendant Naumann/Hobbs, having undertaken to design, manufacture, sell, supply, assemble, and install the subject Hytrol "trash line" incline belt driven conveyor and integrate it with the existing TGW elevated horizontal conveyor, knew or through the exercise of reasonable care should have known, that the subject Hytrol incline belt driven conveyor, as integrated and interfaced with its adjoining TGW conveyor equipment, was dangerous and unsafe for its intended and/or reasonably foreseeable uses and/or misuses and that such defect(s) would subject users to serious injuries in the subject conveyor's intended and reasonably foreseeable uses and/or misuses.

76. Defendant Naumann/Hobbs had a duty to design, sell, supply, assemble, install, and integrate the subject Hytrol "trash line" incline belt driven conveyor with due care.

19

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

Defendant Naumann/Hobbs breached those duties.

77. The aforementioned injuries to Plaintiff were directly caused by Defendant

Naumann/Hobbs negligence and disregard for the safety of others, including

Plaintiff, which consisted of the following acts and omissions:

a. Failing to exercise reasonable care in designing, selling, supplying, installing, assembling, and integrating the subject Hytrol "trash line" incline belt driven conveyor with the adjoining existing TGW horizontal belt driven conveyor such that area where the two conveyors met contained an in-running pinch point and crush hazard created by the Hytrol "trash line" incline belt driven conveyor and roller design;

b. Failing to provide guarding, safety devices, safeguards, or other safety measures to prevent users from the in-running pinch-point crush hazard at the top of the incline "trash line" conveyor where the roller and belt rotate creating an unnecessary danger;

c. Engineering, modifying, fabricating and/or otherwise supplying the subject Hytrol "trash line" incline belt driven conveyor in a defective and unreasonably dangerous condition as modified and integrated with the adjoining existing TGW conveyor in that it was not equipped with components necessary to make it safe for use and/or contained elements making it unsafe for use;

d. Engineering, installing and integrating the Hytrol "trash line" incline belt driven conveyor at the Pet Smart facility without protecting against predictable and known hazards with conveyor equipment;

e. Failing to properly and adequately identify and eliminate or minimize to the fullest extent possible the risk of users accidentally coming into contact with the in-running pinch point between the subject Hytrol "trash line" conveyor's belt and head pulley/roller;

f. Designing, engineering, installing, modifying and integrating the subject Hytrol "trash line" incline belt driven conveyor without guarding the conveyor's in-running pinch points and entrapment areas at the top of the incline conveyor where it meets the adjoining conveyor;

g. Engineering, installing, assembling and integrating the subject Hytrol "trash line" incline belt driven conveyor with exposed in-running nip and pinch points;

h. Failing to incorporate on the subject Hytrol "trash line" incline belt driven conveyor as installed and integrated appropriate and necessary barriers, screening, and/or other device that would prevent the conveyor's rotating belt and roller from being exposed to users;

i. Failing to warn or improperly warning users of the subject conveyor of the dangers and risks of injury that existed with the subject Hytrol "trash line" conveyor, particularly with respect to the potential for inadvertent, accidental,

and/or unintentional contact with the roller and belt at the top of the incline conveyor;

j.   Failing to provide an emergency pull cord along the length of the conveyor so that the equipment could be shut off immediately in the event of an emergency;

k.   Engineering, selling, installing and integrating the subject Hytrol "trash line" incline belt driven conveyor in such a manner that adequate guards, screens, barriers were not provided for the underside of the top of the Hytrol "trash line" incline conveyor and its adjoining conveyor;

l.   Failing to comply with applicable safety regulations and standards relative to the subject Hytrol "trash line" conveyor;

m.   Failing to install and integrate the Hytrol "trash line" incline belt driven conveyor so that it was OSHA compliant;

n.   Failure to properly troubleshoot, evaluate, and perform a hazard assessment with respect to the condition of the Hytrol "trash line" Conveyor as integrated with the adjoining conveyor equipment;

o.   Failure to provide an "E" stop at the top of the side of the Hytrol "trash line" incline conveyor so it was accessible to Plaintiff to shut off the conveyor;

p.   Improperly modifying and removing factory supplied components on the Hytrol "trash line" conveyor in order to integrate and interface it with the existing TGW conveyor; and

q.   Failure to properly commission the subject Hytrol "trash line" conveyor equipment to assess and evaluate whether there existed any potential hazardous or unguarded moving parts that required it to be protected before releasing it to the Pet Smart Defendants.

78. In the alternative, the negligence of Defendant Naumann/Hobbs as set forth above increased the risk that Plaintiff would be caused to suffer the injuries and damages she in fact did suffer, as fully set forth above.

WHEREFORE, Plaintiff Tasandra Simon demands Judgment against Defendant Naumann/Hobbs in a sum in excess of the arbitration limits of this Court for all damages available under the facts and Pennsylvania law.

### COUNT IV – NEGLIGENCE
### PLAINTIFF TASANDRA SIMON V. AXION, INC.

79. Plaintiff repeats and incorporates all preceding paragraphs as though fully set forth herein at length.

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

80. At all times hereto, Defendant Axion, Inc., having undertaken to engineer, design, integrate, sell and supply the subject Hytrol incline belt driven conveyor and integrate it with the existing TGW elevated horizontal conveyor, knew or through the exercise of reasonable care should have known, that the subject Hytrol incline belt driven conveyor, as integrated and interfaced with its adjoining TGW conveyor equipment, was dangerous and unsafe for its intended and/or reasonably foreseeable uses and/or misuses and that such defect(s) would subject users to serious injuries in the subject conveyor's intended and reasonably foreseeable uses and/or misuses.

81. Defendant Axion, Inc. had a duty to engineer, design, sell, supply and integrate the subject Hytrol incline belt driven conveyor with due care. Defendant Axion, Inc. breached those duties.

82. The aforementioned injuries to Plaintiff were directly caused by Defendant Axion, Inc. negligence and disregard for the safety of others, including Plaintiff, which consisted of the following acts and omissions:

   a. Failing to exercise reasonable care in designing, engineering, selling, supplying and integrating subject Hytrol incline belt driven conveyor with the adjoining existing TGW horizontal belt driven conveyor such that area where the two conveyors met contained an in-running pinch point and crush hazard created by the Hytrol "trash line" incline belt driven conveyor and roller design;

   b. Failing to provide guarding, safety devices, safeguards, or other safety measures to prevent users from the in-running pinch-point crush hazard at the top of the incline conveyor where the roller and belt rotate creating an unnecessary danger;

   c. Engineering, modifying, fabricating and/or otherwise supplying the subject Hytrol incline belt driven conveyor in a defective and unreasonably dangerous condition as modified and integrated with the adjoining existing TGW conveyor in that it was not equipped with components necessary to make it safe for use and/or contained elements making it unsafe for use;

   d. Engineering and integrating the Hytrol incline belt driven conveyor at the Pet Smart facility without protecting against predictable and known hazards with conveyor equipment;

   e. Failing to properly and adequately identify and eliminate or minimize to the fullest extent possible the risk of users accidentally coming into contact with the

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

in-running pinch point between the subject Hytrol conveyor's belt and head pulley/roller;

f.   Designing, engineering and integrating the subject Hytrol incline belt driven conveyor without guarding the conveyor's in-running pinch points and entrapment areas at the top of the incline conveyor where it meets the adjoining conveyor;

g.   Engineering and integrating the subject Hytrol incline belt driven conveyor with exposed in-running nip and pinch points;

h.   Failing to incorporate on the subject Hytrol incline belt driven conveyor as integrated appropriate and necessary barriers, screening, and/or other device that would prevent the conveyor's rotating belt and roller from being exposed to users;

i.   Failing to warn or improperly warning users of the subject conveyor of the dangers and risks of injury that existed with the subject Hytrol conveyor, particularly with respect to the potential for inadvertent, accidental, and/or unintentional contact with the roller and belt at the top of the incline conveyor;

j.   Failing to provide an emergency pull cord along the length of the conveyor so that the equipment could be shut off immediately in the event of an emergency;

k.   Engineering, selling and integrating the subject Hytrol incline belt driven conveyor in such a manner that adequate guards, screens, barriers were not provided for the underside of the top of the Hytrol incline conveyor and its adjoining conveyor;

l.   Failing to comply with applicable safety regulations and standards relative to the subject Hytrol conveyor;

m.   Failing to integrate the Hytrol incline belt driven conveyor so that it was OSHA compliant;

n.   Failure to properly troubleshoot, evaluate, and perform a hazard assessment with respect to the condition of the Hytrol Conveyor as integrated with the adjoining conveyor equipment;

o.   Failure to provide an "E" stop at the top of the side of the Hytrol incline conveyor so it was accessible to Plaintiff to shut off the conveyor;

83. In the alternative, the negligence of Defendant Axion, Inc. as set forth above increased

the risk that Plaintiff would be caused to suffer the injuries and damages she in fact

did suffer, as fully set forth above.

WHEREFORE, Plaintiff Tasandra Simon demands Judgment against Defendant Axion,

Inc. in a sum in excess of the arbitration limits of this Court for all damages available under the

facts and Pennsylvania law.

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

## COUNT V – NEGLIGENCE
## PLAINTIFF TASANDRA SIMON V.  DEFENDANT ABC CORPORATION 3 AND JOHN DOE 1-3 DEFENDANTS

84. Plaintiff repeats and incorporates all preceding paragraphs as though fully set forth herein at length.

85. ABC Corporation 3 Defendant and John Doe 1-3 Defendants, having undertaken to design, manufacture, test, inspect, assemble, distribute, sell, supply, integrate, and interface the subject Hytrol incline belt driven conveyor with the existing TGW conveyor, and/or perform a safety inspection, safety assessment, and/or evaluation, had a duty to intended users, operators and consumers, including Plaintiff, to provide services and/or a product that was safe for its intended uses and reasonably foreseeable uses, including misuses.

86. ABC Corporation 3 Defendant and John Doe 1-3 Defendants had a duty to properly and adequately design, manufacture, test, and inspect and/or evaluate and assess the safety of the subject Hytrol incline belt driven conveyor as integrated and interfaced with the adjoining conveyor that it was attached to, so as to avoid unreasonable risk of bodily injury to those individuals whom Defendants should have expected would use and operate the subject Hytrol incline belt driven conveyor.

87. ABC Corporation 3 Defendant and John Doe 1-3 Defendants knew that the inadequately guarded moving parts of the Hytrol incline belt driven conveyor presented an unreasonable risk of serious bodily injury to workers such as Plaintiff.

88. The negligence, carelessness and wrongdoing of ABC Corporation 3 Defendant and John Doe 1-3 Defendants consisted of the following:

   a.     Improperly manufacturing, designing, assembling, selling,  distributing,

24

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

marketing, testing, installing, integrating, and interfacing the subject Hytrol incline belt driven conveyor when ABC Corporation 3 Defendant and John Doe 1-3 Defendants knew that the subject conveyor and system were unreasonably dangerous and unsafe for use;

b.    Failing to properly and adequately test, inspect and perform a safety evaluation and/or assessment of the subject Hytrol incline belt driven conveyor for safety prior to its use;

c.    Manufacturing, designing, assembling, selling, and installing the subject Hytrol incline belt driven conveyor without adequate safety devices and guarding to prevent users from coming in contact with the hazardous moving parts of the conveying system;

d.    Designing, manufacturing, marketing, selling and installing the subject Hytrol incline belt driven conveyor without proper and adequate safety features, instructions, and warnings to reduce the risk of injury as a result of the machine's known hazards;

e.    Failure to comply with applicable statutes, laws, regulations, and industry standards in designing, manufacturing, selling, and installing this Hytrol incline belt driven conveyor;

f.    Negligently designing, manufacturing, assembling, selling, and installing this Hytrol incline belt driven conveyor;

g.    Failing to provide this Hytrol incline belt driven conveyor with an adequate guard to protect users from injuries caused by inadvertent contact with the machine's moving parts;

h.    Designing, manufacturing and installing a Hytrol incline belt driven conveyor so that the subject machine as sold and installed was unsafe for its intended and foreseeable uses;

i.    Failure to exercise reasonable care to warn or inform intended users and consumers of this Hytrol incline belt driven conveyor of the dangers and risk of bodily injury posed by the design, set-up, and foreseeable uses of the machine;

j.    Failure to exercise the degree of care required when the Hytrol incline belt driven conveyor was integrated and interfaced with existing equipment;

k.    Failure to exercise reasonable care to adequately guard against the known dangers posed by this Hytrol incline belt driven conveyor, particularly in the area where Plaintiff's accident occurred;

l.    Failure to design, manufacture and sell the subject Hytrol incline belt driven conveyor for its safe intended uses including compliance with OSHA regulations;

m.    Improperly locating the control panel for the equipment so that the

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

machine was incapable of being stopped emergently;

n.    Designing the control panel so that the E-stop was not accessible in the event an operator or user got their hand caught in the machine;

o.    Failure to locate and design the control panel and equipment such that Plaintiff's hand could be freed and not remain entrapped;

p.    Failure to provide the proper safety barrier, safety guarding, physical barriers and interlock guarding including limit switches for the subject Hytrol incline belt driven conveyor;

q.    Providing inadequate safeguarding, which did not include interlocks and limit switches for covers, guards and barriers that Defendants knew or should have known could be removed and not put back on.

89. As a direct and factual result of ABC Corporation 3 Defendant and John Doe 1-3 Defendants negligent conduct and unsafe and defectively designed equipment, Plaintiff suffered the severe and permanent injuries and damages listed in ¶61.

**WHEREFORE**, Plaintiff Tasandra Simon demands judgment be entered in her favor and against ABC Corporation 3 Defendant and John Doe 1-3 Defendants, jointly and severally, for an amount in excess of the arbitration limits of this Court, plus interest and costs of suit.

## COUNT VI – STRICT LIABILITY
## PLAINTIFF TASANDRA SIMON V. ABC CORPORATION 3 DEFENDANT AND JOHN DOE 1-3 DEFENDANTS

90. Plaintiff repeats and incorporates all the preceding paragraphs as though fully set forth at length.

91. At all times, ABC Corporation 3 Defendants and John Doe 1-3 Defendants were regularly engaged in the business of designing, manufacturing, selling, and supplying conveying systems such as the one that was involved in Plaintiff's accident.

92. ABC Corporation 3 Defendant and John Doe 1-3 Defendants are suppliers of the subject Hytrol incline belt driven within the meaning of §402A of the Restatement

26

(Second) of Torts and Pennsylvania law.

93. The Hytrol incline belt driven conveyor was in substantially the same condition on the date of Plaintiff's accident as it was at the time it left the control of ABC Corporation 3 Defendant and John Doe 1-3 Defendants.

94. As designed, manufactured, assembled, sold and supplied by ABC Corporation 3 Defendant and John Doe 1-3 Defendants, the subject Hytrol incline belt driven conveyor was defective, unsafe, and dangerous to users and operators, such as Plaintiff, because there existed economically and technically feasible safe alternative designs that would have eliminated or substantially reduced the foreseeable risk of serious bodily harm as result of the operator or user coming in contact with moving parts of the subject machine.

95. The subject Hytrol incline belt driven conveyor was defective, unsafe, and dangerous because a reasonable person could conclude that the probability and seriousness of the harm posed by the subject machine outweighed the burden of providing available precautions.

96. As designed, manufactured, assembled, sold and supplied by ABC Corporation 3 Defendant and John Doe 1-3 Defendants, the Hytrol incline belt driven conveyor was defective, unsafe, and dangerous to users and operators such as Plaintiff because it lacked adequate safety components and design elements necessary to protect a user from injury as a result of coming in contact with the hazardous unguarded moving parts of the subject equipment.

97. As a direct and factual result of the aforementioned defective design and unsafe condition of this Hytrol incline belt driven conveyor, as sold and supplied by ABC Corporation 3 Defendant and John Doe 1-3 Defendants, Plaintiff suffered the injuries and damages described in ¶61 above.

27

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

98. Alternatively, the defective design and unsafe condition of the subject Hytrol incline belt driven conveyor, as sold and supplied by ABC Corporation 3 Defendant and John Doe 1-3 Defendants, increased the risk that Plaintiff would sustain the injuries and damages she did in fact suffer.

99. The subject Hytrol incline belt driven conveyor was defectively designed and unreasonably dangerous when it left the control of the ABC Corporation 3 Defendant and John Doe 1-3 Defendants.

WHEREFORE, Plaintiff demands judgment be entered against ABC Corporation 3 Defendant and John Doe 1-3 Defendants for all damages, in an amount in excess of the Arbitration limits of this Court, plus costs and interest.

## COUNT VII – STRICT LIABILITY
## PLAINTIFF TASANDRA SIMON V.  DEFENDANT HYTROL

100.   Plaintiff repeats and incorporates all the preceding paragraphs as though fully set forth herein at length.

101.   At all times, Defendant Hytrol was regularly engaged in the business of designing, manufacturing, selling, and supplying conveyor systems such as the one that was involved in Plaintiff's accident.

102.   Defendant Hytrol is a supplier of the subject Hytrol incline belt driven conveyor within the meaning of §402A of the Restatement (Second) of Torts and Pennsylvania law.

103.   The subject Hytrol incline belt driven conveyor was in substantially the same condition on the date of Plaintiff's accident as it was at the time it left the control of Defendant Hytrol.

104.   As designed, manufactured, assembled, sold and supplied by Defendant Hytrol, the subject Hytrol incline belt driven conveyor was defective, unsafe, and dangerous to

28

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

users and operators such as Plaintiff, because there existed economically and technically feasible safe alternative designs that would have eliminated or substantially reduced the foreseeable risk of serious bodily harm as result of the operator or user coming in contact with moving parts of the subject machine.

105.   The subject Hytrol incline belt driven conveyor was defective, unsafe, and dangerous because a reasonable person could conclude that the probability and seriousness of the harm posed by the subject machine outweighed the burden of providing available precautions.

106.   As designed, manufactured, assembled, sold, and supplied by Defendant Hytrol, the Hytrol incline belt driven conveyor was defective, unsafe, and dangerous to users and operators such as Plaintiff because it lacked adequate safety components and design elements necessary to protect a user from injury as a result of coming in contact with the hazardous unguarded moving parts of the subject equipment.

107.   As a direct and factual result of the aforementioned defective design and unsafe condition of this Hytrol incline belt driven conveyor, as sold and supplied by Defendant Hytrol, Plaintiff suffered the injuries and damages described in ¶61 above.

108.   Alternatively, the defective design and unsafe condition of the subject Hytrol incline belt driven conveyor, as sold and supplied by Defendant Hytrol, increased the risk that Plaintiff would sustain the injuries and damages she did in fact suffer.

109.   The subject Hytrol incline belt driven conveyor was defectively designed and unreasonably dangerous when it left the control of the Defendant Hytrol.

WHEREFORE, Plaintiff demands judgment be entered against Defendant Hytrol for all damages, in an amount in excess of the Arbitration limits of this Court, plus costs and interest.

## COUNT VIII – STRICT LIABILITY

**PLAINTIFF TASANDRA SIMON V. DEFENDANT NAUMANN/HOBBS MATERIAL HANDLING, INC.**

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

110. Plaintiff repeats and incorporates all the preceding paragraphs as though fully set forth at length herein.

111. At all times, Defendant Naumann/Hobbs was regularly engaged in the business of designing, manufacturing, selling, supplying, installing, and erecting conveying systems such as the one that was involved in Plaintiff's accident.

112. Defendant Naumann/Hobbs is a supplier of the subject Hytrol "trash line" incline belt driven conveyor within the meaning of §402A of the Restatement (Second) of Torts and Pennsylvania law.

113. The subject Hytrol "trash line" incline belt driven conveyor was in substantially the same condition on the date of Plaintiff's accident as it was at the time it left the control of Defendant Naumann/Hobbs.

114. As designed, manufactured, assembled, sold, and supplied by Defendant Naumann/Hobbs, the subject Hytrol "trash line" incline belt driven conveyor was defective, unsafe, and dangerous to users and operators such as Plaintiff, because there existed economically and technically feasible safe alternative designs that would have eliminated or substantially reduced the foreseeable risk of serious bodily harm as result of the operator or user coming in contact with moving parts of the subject machine.

115. The subject Hytrol "trash line" incline belt driven conveyor was defective, unsafe, and dangerous because a reasonable person could conclude that the probability and seriousness of the harm posed by the subject machine outweighed the burden of providing available precautions.

116. As designed, manufactured, assembled, sold, and supplied by Defendant

30

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

Naumann/Hobbs, the Hytrol "trash line" incline belt driven conveyor was defective, unsafe, and dangerous to users and operators such as Plaintiff because it lacked adequate safety components and design elements necessary to protect a user from injury as a result of coming in contact with the hazardous unguarded moving parts of the subject equipment.

117.   As a direct and factual result of the aforementioned defective design and unsafe condition of the subject Hytrol "trash line" incline belt driven conveyor, as sold and supplied by Defendant Naumann/Hobbs, Plaintiff suffered the injuries and damages described in ¶61 above.

118.   Alternatively, the defective design and unsafe condition of the subject Hytrol "trash line" incline belt driven conveyor, as sold and supplied by Defendant Naumann/Hobbs, increased the risk that Plaintiff would sustain the injuries and damages she did in fact suffer.

119.   The subject Hytrol "trash line" incline belt driven conveyor was defectively designed and unreasonably dangerous when it left the control of Defendant Naumann/Hobbs.

WHEREFORE, Plaintiff demands judgment against Defendant Naumann/Hobbs for all damages, in an amount in excess of the Arbitration limits of this Court, plus costs and interest.

## COUNT IX – STRICT LIABILITY
### PLAINTIFF TASANDRA SIMON V.  DEFENDANT AXION, INC.

120.   Plaintiff repeats and incorporates all the preceding paragraphs as though fully set forth at length herein.

121.   At all times, Defendant Axion, Inc. was regularly engaged in the business of designing, manufacturing, selling, supplying and conveying systems such as the one that was involved in Plaintiff's accident.

31

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

122. Defendant Axion, Inc. is a supplier of the subject Hytrol incline belt driven conveyor within the meaning of §402A of the Restatement (Second) of Torts and Pennsylvania law.

123. The subject Hytrol incline belt driven conveyor was in substantially the same condition on the date of Plaintiff's accident as it was at the time it left the control of Defendant Axion, Inc.

124. As designed, manufactured, assembled, sold, and supplied by Defendant Axion, Inc., the subject Hytrol incline belt driven conveyor was defective, unsafe, and dangerous to users and operators such as Plaintiff, because there existed economically and technically feasible safe alternative designs that would have eliminated or substantially reduced the foreseeable risk of serious bodily harm as result of the operator or user coming in contact with moving parts of the subject machine.

125. The subject Hytrol incline belt driven conveyor was defective, unsafe, and dangerous because a reasonable person could conclude that the probability and seriousness of the harm posed by the subject machine outweighed the burden of providing available precautions.

126. As designed, manufactured, assembled, sold, and supplied by Defendant Axion, Inc., the Hytrol incline belt driven conveyor was defective, unsafe, and dangerous to users and operators such as Plaintiff because it lacked adequate safety components and design elements necessary to protect a user from injury as a result of coming in contact with the hazardous unguarded moving parts of the subject equipment.

127. As a direct and factual result of the aforementioned defective design and unsafe condition of the subject Hytrol incline belt driven conveyor, as sold and supplied by Defendant Axion, Inc., Plaintiff suffered the injuries and damages described in ¶61 above.

32

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819

128.   Alternatively, the defective design and unsafe condition of the subject Hytrol incline belt driven conveyor, as sold and supplied by Defendant Axion, Inc., increased the risk that Plaintiff would sustain the injuries and damages she did in fact suffer.

129.   The subject Hytrol incline belt driven conveyor was defectively designed and unreasonably dangerous when it left the control of Defendant Axion, Inc.

130.   All Defendants are jointly and severally liable under the Pennsylvania Fair Share Act.

WHEREFORE, Plaintiff demands judgment against Defendant Axion, Inc. for all damages, in an amount in excess of the Arbitration limits of this Court, plus costs and interest.

**GALFAND BERGER, LLP**

BY: _____
RICHARD M. JUREWICZ, ESQUIRE
PA Supreme Court ID # 39436
BROOKE J. ELMI, ESQUIRE
PA Supreme Court ID # 325999
1835 Market Street, Suite 2710
rjurewicz@galfandberger.com
belmi@galfandberger.com
Tel: (215) 665-1600
Fax: (215) 564-2262

Date: 8/8/2022

33

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

GALFAND BERGER, LLP

BY: _____

RICHARD M. JUREWICZ
PA Supreme Court ID # 39436
1835 Market Street, Suite 2710
Philadelphia, Pennsylvania 19103
(215) 665-1600
rjurewicz@galfandberger.com

DATED: 8/8/2022

Received County of Berks Prothonotary's Office on 08/08/2022 11:44 AM Prothonotary Docket No. 21-14819