IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TASANDRA SIMON, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 22-3472 |
| | : | |
| v. | : | |
| | : | |
| PETSMART DISTRIBUTION CENTER, PETSMART DISTRIBUTION, INC., PETSMART LLC, NAUMANN CONVEYOR COMPANY, INC., NAUMANN/HOBBS MATERIAL HANDLING, INC., and AXIOM, INC., | : | |
| | : | |
| Defendants. | : | |

**<u>MEMORANDUM OPINION</u>**

Smith, J.                                                                                                       November 16, 2022

To comply with statutory requirements, a defendant wishing to remove a case from state court to federal court must get consent from *all* properly joined and served defendants. The narrow question before this court is how a removing party must express the properly joined and served co-defendants' consent in the notice of removal to satisfy the statutory requirements. The plaintiff in this case, who has moved to have this court remand the case back to the state court, argues that the federal removal statute requires all properly joined and served defendants must supply proof of the consent within the notice of removal.

As explained further below, because the text of the removal statute does not naturally require only express written consent and sufficient safeguards exist to ensure removals will only occur when there is actual unanimous consent among the properly served and joined defendants, this court holds that the removing defendant need only aver that the other defendants consent in the notice of removal. As such, the court will deny the motion to remand.

I.       **PROCEDURAL HISTORY**

On October 14, 2021, the plaintiff, Tasandra Simon, initiated this action, naming PetSmart Distribution Center, PetSmart Distribution, Inc., PetSmart LLC, Hytrol Conveyor Company, Inc. and Advanced Equipment Sales, as defendants.[1] Notice of Removal, Ex. C at ECF pp. 2–3, Doc. No. 1-5. The plaintiff served the writ of summons on PetSmart LLC, PetSmart Distribution Center, and PetSmart Distribution, Inc. (the "PetSmart Defendants") on October 14, 2021, October 21, 2021, and November 8, 2021, respectively. *See id.* at ECF pp. 4, 7–10.

On December 21, 2021, the PetSmart Defendants filed a praecipe for a rule upon the plaintiff to file a complaint. *See id.* at ECF p. 12. On January 24, 2022, the plaintiff filed a complaint naming the PetSmart Defendants, Hytrol Conveyor Company, Inc. ("Hytrol"), and Advanced Equipment Sales ("AES") as defendants. *See id.* at ECF pp. 14–44. After proceeding through discovery, the plaintiff amended her complaint on August 8, 2022, dismissing AES and adding Naumann/Hobbs Material Handling, Inc. ("Naumann/Hobbs") and Axiom, Inc.[2] as defendants. *See id*. at pp. 113–46. The plaintiff served Axiom with the amended complaint on August 11, 2022. *See* Notice of Removal, Ex. B at pp. 1–2, Doc. No. 1-4.

Axiom filed a notice removing the case to this court on August 30, 2022. Doc. No. 1. In the notice of removal, Axiom avers that there is complete diversity between the plaintiff and all

---

[1] In Pennsylvania, a plaintiff may commence a general civil action in two ways: The plaintiff may file a complaint, *see* Pa.R.Civ.P. 1007, or the plaintiff may file a praecipe for a writ of summons, *see id.* The praecipe for a writ of summons acts as a case holder for an action and allows the statute of limitations to be tolled while the writ is effective. The plaintiff still has to effect service of the writ as the plaintiff would with a complaint. *See* Pa.R.C.P. 400, 401. The writ can toll the limitations period until the time that the defendant files a praecipe with the county Prothonotary to issue a rule upon the plaintiff to file a complaint, which is then served upon the plaintiff of the plaintiff's attorney. *See* Pa.R.C.P. 1037(a). At that point, the plaintiff would have 20 days to file a complaint or risk dismissal of the action. *See id.*

[2] Although the plaintiff identifies Axion, Inc. as a defendant in the body of the amended complaint, *see* Notice of Removal, Ex. C at ECF p. 8, she did not include it in the caption of the amended complaint, *see id.* at ECF p. 115. In addition, the plaintiff appears to have incorrectly spelled the defendant's name as it should be spelled Axiom, Inc. *See* Notice of Removal at 2, Doc. No. 1 (noting incorrect spelling of name). For purposes of this opinion, the court has included Axiom, Inc. in the caption and has used the proper spelling of its name. In addition, the court will refer to this defendant as "Axiom" for the remainder of this opinion.

defendants, the plaintiff's claims exceed $75,000, and that *all defendants consented* to the removal of the action pursuant to 28 U.S.C. § 1446(b)(2)(A). Notice of Removal at ¶¶ 14–20, Doc. No. 1. On the same day that Axiom filed the notice of removal, Axiom's attorney filed a notice of appearance. Doc. No. 5. On September 2, 2022, counsel for the PetSmart Defendants entered a notice of appearance. Doc. No. 6. Axiom filed, on September 7, 2022, an answer to the amended complaint as well as crossclaims against the PetSmart Defendants, Hytrol, and Naumann/Hobbs. Doc. No. 7. On September 8, 2022, counsel for Naumann/Hobbs filed a notice of appearance. Doc. No. 9.

The plaintiff filed the instant motion to remand this action back to the Berks County Court of Common Pleas on September 19, 2022. Doc. No. 10. The PetSmart Defendants filed an answer to the amended complaint and crossclaims against the other defendants on September 20, 2022. Doc. No. 12. On September 21, 2022, counsel for Hytrol filed a notice of appearance. Doc. No. 14. On September 29, 2022, Naumann/Hobbs and the PetSmart Defendants each filed a notice with the court consenting to the notice of removal filed by Axiom. *See* Doc. Nos. 16, 17. The next day, Hytrol filed a notice representing to the court its consent to the notice of removal.[3] Doc. No. 18.

In responding to the motion to remand, Axiom filed two documents on October 3, 2022: (1) a response in opposition to the motion; and (2) a motion to amend or correct the notice of removal. Doc. Nos. 19, 20. On October 3, 2022, the PetSmart Defendants filed a response in opposition to the motion to remand. Doc. No. 21. The plaintiff filed a reply to Axiom and the

---

[3] The parties in this action have not substantially continued to litigate the issue at the state court and have expressed their individual desires to proceed in federal court. The plaintiff contends that defendants continued to litigate and engage in discovery "up to and even well after Defendant Axiom filed its Notice of Removal." Pl.'s Br. at 1–2. Axiom disagrees and points out that the only litigation that has continued after each defendant provided their consent to removal had to do with complying with previously-imposed state-court deadlines. Axiom's Mem. of L. in Opp'n to Pl's Mot. to Remand at ECF p. 4, Doc. No. 19-2.

PetSmart Defendants' responses in opposition to the motion to remand on October 5, 2022. Doc. No. 22. Subsequently, Hytrol filed a response in opposition to the motion to remand on October 7, 2022. Doc. No. 23. On October 20, 2022, the court held an initial pretrial conference and heard oral argument on the motion to remand. The motion to remand is now ripe for disposition.

## II. DISCUSSION

"Federal courts are courts of limited jurisdiction. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). A district court only has original jurisdiction over cases arising under the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *G. W. v. Ringwood Bd. of Educ.*, 28 F.4th 465, 468 (3d Cir. 2022). If a plaintiff brings a case in state court, a defendant may remove the case to federal court only if the parties and case meet certain statutory requirements. 28 U.S.C. §§ 1441; 1446; *see Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) ("Removal of cases from state to federal courts is governed by 28 U.S.C. § 1441.").

Procedurally, when the case at issue has multiple defendants, all defendants "properly joined and served must join in or consent to the removal[.]" 28 U.S.C. § 1446(b)(2)(A). The removing defendant carries the burden to show that the removal complies with the removal statute. *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Ambiguity in the removal statute "is to be strictly construed against removal, so that the Congressional intent to restrict federal diversity jurisdiction is honored." *Samuel-Bassett*, 357 F.3d at 396 (internal citation omitted).

In its notice of removal, Axiom states that "[a]ll defendants consent to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A)." Notice of Removal at ¶ 20, Doc. No. 1. Within the notice of removal, none of the co-defendants expressly consented, nor did Axiom provide any

4

additional proof that all defendants had consented. *See id.* The plaintiff contends that "removal is fatally defective in that all properly joined and served defendants did not consent in writing to the removal as required under 28 U.S.C. § 1446(b)(2)(A)." Pl.'s Br. in Supp. of Mot. to Remand ("Pl.'s Br.") at 2, Doc. No. 10-2. Accordingly, the plaintiff requests that the court remand this case to the Berks County Court of Common Pleas. *Id.*

For purposes of resolving this motion to remand, the court must address whether the removing defendant satisfies section 1446(b)(2)(A) by merely averring that the other properly joined and served defendants consented to removal. The Third Circuit Court of Appeals has yet to address whether a removing defendant's averment of unanimous consent is sufficient to meet the requirements of section 1446(b)(2)(A). The circuit courts of appeals that have addressed this issue are split. The Second, Fifth, and Seventh Circuits have held that a removing defendant may not aver consent to removal on another co-defendant's behalf—although they have given different rationales for these holdings. *See Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (requiring express written consent from each defendant (citation omitted)); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (requiring "some timely filed written indication from each served defendant or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action. Otherwise, there would be nothing on the record to 'bind' the allegedly consenting defendant"); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) ("A petition for removal fails unless all defendants join it. To 'join' a motion is to support it in writing, which the other defendants here did not." (citations omitted)), *abrogated on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Conversely, the Fourth, Sixth, Eighth, and Ninth Circuits have held that removal is proper where the removing defendant attests to the consent of all other

5

defendants in the removal petition. *McCreesh v. City of Philadelphia*, Civ. A. No. 20-3002, 2020 WL 5017609, at *2 (E.D. Pa. Aug. 25, 2020) (collecting cases).

Until recently, district courts in this circuit had largely agreed with the Second, Fifth, and Seventh Circuits, mandating written individual consent. *See id.* (reviewing cases in the Third Circuit); s*ee also Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 559–60 (W.D. Pa Dec. 3, 2015) (collecting cases). However, in *McCreesh*, the court concurred with the contrary appellate courts, reasoning that a single defendant may represent unanimous consent in a notice of removal without more and still satisfy the requirements of 28 U.S.C. § 1446. 2020 WL 5017609, at *2–3. The court explained:

> First, in the context of federal jurisdiction, the term "consent" does not naturally denote only express written consent. For instance, in the related context of personal jurisdiction, a party can consent to the jurisdiction of a federal court in a mydaid [sic] of ways other than express written notice. *See Insurance Corporation of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982) (detailing "[a] variety of legal arrangements [that] have been taken to represent express or implied consent to the personal jurisdiction of the court[.]"). Given the existence of a well-developed body of law detailing parties' ability to "consent" to federal jurisdiction by means other than written notice, if Congress had intended to restrict "consent" in the removal context to only express written consent, it would have said so.
>
> Second, Congress is clearly capable of specifying the form consent must take when that form is important. For instance, in Rule 73 of the Federal Rules of Civil Procedure, which permits parties to consent to trial by a magistrate judge, the Rule instructs that "[t]o signify their consent, the parties must jointly or separately file a statement consenting to the referral." Fed. R. Civ. P. 73(b)(1). If, in drafting § 1446(b)(2)(A), Congress had likewise intended to require parties to signify their consent by filing a statement with the Court, it would have said so.
>
> Third, the Court agrees with the Eight Circuit in *Griffioen*, which observed that "§ 1446 as amended lays out in detail the procedures for the notice of removal, including the form of the notice and the time frame for each defendant to file it in a multiple-defendant action. Congress could have defined with equal specificity the form of or time for consent but chose not to do so." 785 F.3d at 1187. This suggests a lack of Congressional intent to limit the form of consent.

*Id.*[4] Following *McCreesh*, two other courts in this district agreed "that one defendant may . . . verify consent to removal for another defendant." *Gonzalez v. New Werner Holding Co., Inc.*, Civ. No. 5:21-cv-1549-JMG, 2021 WL 4037516, at *1 (E.D. Pa. Sept. 3, 2021); *see also Avicolli v. BJ's Wholesale Club, Inc.*, Civ. A. No. 21-1119, 2021 WL 1088249, at *7 (E.D. Pa. Mar. 22, 2021) ("We agree with [*McCreesh's*] interpretation of the statutory language and conclude such an interpretation 'does not run counter to a strict construction of the removal statute, because the statute is silent regarding the form of consent.'" (quoting *McCreesh*, 2020 WL 5017609, at *3)).

Despite these recent decisions, the plaintiff here contends that the court should remand this case because there is no express written consent from all the properly joined and served defendants. *See* Pl.'s Br. at 2, 5–10. The plaintiff essentially asks the court to disregard these recent decisions and require each defendant to provide express written consent on notices of removal. The plaintiff points to *Ogletree v. Barnes*, 851 F. Supp. 184 (E.D. Pa. 1994), to support this contention and ultimately, her motion to remand. *See id.* at 5–10.

---

[4] The pertinent parts of Fed. R. Civ. P. 73 read as follows:

> **(a) Trial by Consent.** When authorized under 28 U.S.C. §636(c), a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial. A record must be made in accordance with 28 U.S.C. §636(c)(5).
>
> **(b) Consent Procedure.**
>
> (1) *In General*. When a magistrate judge has been designated to conduct civil actions or proceedings, the clerk must give the parties written notice of their opportunity to consent under 28 U.S.C. §636(c). To signify their consent, the parties must jointly or separately file a statement consenting to the referral. A district judge or magistrate judge may be informed of a party's response to the clerk's notice only if all parties have consented to the referral.
>
> (2) *Reminding the Parties About Consenting*. A district judge, magistrate judge, or other court official may remind the parties of the magistrate judge's availability, but must also advise them that they are free to withhold consent without adverse substantive consequences.
>
> (3) *Vacating a Referral*. On its own for good cause—or when a party shows extraordinary circumstances—the district judge may vacate a referral to a magistrate judge under this rule.

Fed. R. Civ. P. 73(a)–(b).

In *Ogletree*, the district court concluded that section 1446(b) requires all defendants to clearly and unambiguously join in or otherwise consent to the moving-defendants' notice of removal. *See id.* at 190. The court explained that "[w]ithout some sort of indication from each defendant that it either joins in or consents to the removal—perhaps even an informal indication such as a letter to the court—there is nothing on the record to bind that defendant to the removal." *Id.* The court reasoned that this unanimity requirement furthers the congressional intent and resolves doubts in favor of remand. *See id.* at 187. This court does not find *Ogletree* to be persuasive.

Reviewing the statutory text at issue here, the plain language of section 1446(b)(2)(A) does not require removing defendants to do anything more than aver the consent of the properly joined and served co-defendants.[5] *See McCreesh*, 2020 WL 5017609, at *3; *Gonzalez*, 2021 WL 4037516, at *2. If Congress wished to create a requirement that all co-defendants must expressly consent in the notice of removal, then Congress can so clearly state. *See, e.g.*, Fed. R. Civ. P. 73. Further, the potential for sanctions under Rule 11 of the Federal Rules of Civil Procedure for intentionally deceitful representations and non-consenting co-defendants' ability to object to removal provide sufficient safeguards to satisfy statutory requirements and congressional intent.

---

[5] The district courts are split on how parties must manifest unanimous consent in a notice of removal. It appears that there are three approaches: (1) the non-moving defendant must demonstrate consent within the 30-day period the removing defendant had to remove the case, *see, e.g.*, *Paul Piazza & Son, Inc. v. Garcia*, Civ. A. No. 21-912, 2021 WL 2678932, at *3 (E.D. La. June 30, 2021) ("Whiskey Joe's removal, therefore, was procedurally defective, as the remaining defendants did not join in the Notice of Removal nor provide written consent for removal within 30 days of service on Whiskey Joe."); (2) the non-moving defendant has 30 days from the date of the notice of removal to indicate consent, *see, e.g.*, *Goulding v. Hopkins*, Case No. 2:19-cv-957, 2020 WL 1188105, at *4 (D. Utah Mar. 12, 2020) (finding consent timely where it was filed within 30 days from notice of removal); or (3) there is no set time frame for showing consent because the statute, section 1446(b)(2)(C), does not include a time frame, *see, e.g.*, *Tate v. SNH CO Tenant LLC*, Civ. A. No. 22-cv-827-MEH, 2022 WL 3091375, at *4 (D. Col. July 15, 2022) ("This Court will not create a deadline [for consenting to removal] when Congress did not."). Although all the defendants indicated their consent to removal within 30 days of the notice of removal being filed—in accordance with the second approach taken by the district courts—this court does not find that approach proper under the statute. *See* 28 U.S.C. § 1446. Nowhere in the statute does Congress create a 30-day period for which the defendants may cure a procedural defect. *See Tate*, 2022 WL 3091375, at *4.

*McCreesh*, 2020 WL 5017609, at *3; *see also Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1187–88 (8th Cir. 2015) (holding that opportunity for co-defendants to alert the court to any falsities and Rule 11 sanctions are sufficient to justify requiring only claim of consent to satisfy removal requirements); *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013) ("[section] 1446 requires at least one notice of removal signed by at least one attorney, in accordance with Rule 11, thus mandating that at least one attorney for the removing defendant or defendants be accountable to the court."); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (adopting unanimous consent rule laid out by Sixth Circuit in *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201–02 (6th Cir. 2004)). The federal rules should not be bent to create new hurdles for the swift administration of justice and impose on lawyers a duty to anticipate procedural requirements not set forth in the statute. In certain instances, the judicial system relies on parties making truthful representations to the courts. The unanimous consent of co-defendants in a removal action is one of those instances. Since Axiom averred in the notice of removal that the other defendants consented to removal, there is no defect with removal, and the court will deny the motion to remand.

### III. CONCLUSION

For the reasons set forth above, the court denies the plaintiff's motion to remand. The court will also deny as moot Axiom's cross-motion to amend/correct the notice of removal.

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.